Scales *et al. v.* Scott *et al.*

## SCALES *et al. v.* SCOTT *et al.*

In a suit to set aside a judgment confessed by a party to defraud his creditors, it is not necessary that plaintiff should be either a judgment or execution creditor. A lien acquired by attachment suffices.
Heyneman *v.* Dannenberg, (6 Cal. 376,) affirmed.
A slight mistake in the computation of interest, the date being given, is no evidence of fraud.
Where judgment is confessed on a note, a portion of the consideration being advanced from time to time after the date of the note, which drew interest on the whole amount from date, a portion of the interest is fraudulent, and the entire note is void against creditors.
McKenty *v.* Gladwin, Hugg & Co. (10 Cal. 227,) affirmed.

APPEAL from the Third District.

*Wm. Blanding,* for Appellant.

The bill should have been dismissed, because it shows that the plaintiffs were neither judgment nor execution creditors. (Wiggins *v.* Armstrong, 2 John. Ch. R. 144; Brinkerhoff *v.* Brown, 4 John. Id. 671; McDermot *v.* Strong, 4 John. Id. 687; Newstadt *v.* Joel, 2 Duer, 530; Rubens *v.* Joel, 3 Kern. 488; Crippen *v.* Hudson, Ib. 161; McIlwain *v.* Willis, 9 Wend. 548.)

The case of Heyneman *v.* Dannenberg differs from this in the circumstance, that actual fraud was shown there.

The fact that plaintiff was an attaching creditor of Scott does not aid. The principle is not that a party has a lien merely, but that he has exhausted his remedy at law. (Russell *v.* Clarke's Ex'rs, 7 Cranch. 89; Crippen *v.* Hudson, 3 Kern. 161.) In Thornburg *v.* Hand, (7 Cal. 554,) the principle is admitted, but an exception made where a party has a *lien.* Now, a lien of attachment is not a lien in the proper sense. (Practice Act, Sec. 120; *Ex parte* Foster, 2 Story, 131; Fisher *v.* Vose, 3 Rob. La. 457.) Besides, under Section 132, Practice Act, plaintiffs could not resort to the property seized in this case, it having been already levied on. Hence, there was no lien.

The fact, it is said, apparent from the answer, that the various amounts loaned have been united into one note, with interest from date, instead of bearing interest only from the dates of the several loans, is proof of fraud. But suppose the various loans, bearing a certain rate of interest, are consolidated into one note, dated as of the first loan, and by a calculation, known as the equation of payments, the rate of interest is so adjusted that a lesser rate charged on the aggregated loans from the earliest date just equals a higher rate charged on the several loans from their respective dates. What fraud would there be in this? This is an ordinary occurrence among merchants, making mutual advances in settling their accounts.

*Wm. T. Wallace,* for Respondents, cited Heyneman *v.* Dannenberg, (6 Cal. 376,) as to their right to maintain the suit, and upon the point that the judgment in favor of Scott was for too much, even conceding it to have been *bona fide* in fact, Taaffe *v.* Josephson, (7 Cal. 352;) 12 Pick. 388; 3 Met. 44; (10 Cal. 227.)

Plaintiff was entitled to a decree on the admission in the answer that the note for which judgment was confessed drew interest from date, although it was given for money loaned at different times, some of them being subsequent to the date of the note.

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is a proceeding by an attaching creditor to set aside a judgment confessed by Scott in favor of Place, on the ground of fraud.

Judgment was confessed on the 12th of August, 1858, by Scott, in favor of Place. Upon this judgment execution was issued, and levied upon certain property. Subsequently, plaintiffs sued out an attachment against Scott, which was levied upon the same property, in the hands of the Sheriff, and plaintiffs then instituted this proceeding. The Court below gave judgment, postponing Place's judgment to plaintiffs, and defendant appeals.

The errors assigned are :

1. The bill should have been dismissed, because it shows that plaintiffs were neither judgment nor execution creditors of Scott.

2. That there was no evidence of fraud.

The first point is sufficiently answered by the opinion in the case of Heyneman *v.* Dannenberg, (6 Cal. 376,) in which the question is discussed with some care.

Upon the question of fraud, the principal evidence is found in the answer of defendants; for we are disposed to give no weight to the fact that a slight mistake was made in the computation of interest, included in the judgment. The data for the computation are given, and the miscalculation is clearly the result of mistake, and not a design to defraud.

The judgment purports to be for the amount of two promissory notes—one for three thousand dollars, dated 1st of March, 1858; the other for two thousand five hundred dollars, dated June 5th, 1858—each bearing two per cent. interest per month. The consideration of the notes is stated to have been money loaned, at the respective dates of the notes. In the answer of defendants, filed in this case, it is stated that the consideration of the first note was money loaned, at its date, and that the consideration of the second was money loaned at the time of its date, " and *at various times subsequently.*" What portion of the sum advanced subsequently does not appear.

The confession of judgment includes interest upon the whole amount of two thousand five hundred dollars, from the date of the note; when it is clear, from the sworn answer of defendants, that interest on a portion only was due from that time. This fact must have been known to the parties at the time judgment was confessed.

In the case of McKenty v. Gladwin, Hugg & Co. we held, "if any portion of the consideration of a note be fraudulent, the entire note is void, as against creditors. It must also be conceded that the *interest* included in the note sued upon in this case, is as much a part of the sum for which the note was given as the principal sum itself. The interest would enter into and swell the amount of the judgment to be rendered upon the note. It is clear that if there was no consideration for a part of the principal sum for which the note was given, the whole note would be void. And we cannot see why the same rule would not justly apply to the interest. If a party, by ante-dating a note, and making it draw interest from date, secures to himself a certain sum of money not justly due to him for any past or present consideration, he takes that much from the other creditors; and they are just as much injured as if that amount had been included as part of the principal sum itself. The result is the same, though the mode of accomplishing it be different."

These remarks are directly applicable to the cause under consideration.

Judgment affirmed.