[Crim. No. 3744. In Bank.—October 25, 1934.]

THE PEOPLE, Respondent, v. EDWARD ANDERSON, Appellant.

Gerald J. Kenny, Public Defender, and James A. Toner, Assistant Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

WASTE, C. J.—In an indictment containing two counts the defendant was charged with murder and robbery. Upon his arraignment he entered a plea of not guilty to each charge. The jury found him guilty on both counts. The verdict on the murder count fixed the degree as of the first and was returned without recommendation. It therefore carries with it the extreme penalty. Defendant has appealed from the judgment and from the order denying his motion for a new trial.

The evidence shows that during the months of November and December, 1933, the defendant engaged in a series of robberies in the city and county of San Francisco, in each of which robberies a gun was employed. Three of these offenses preceded the homicide and robbery, of which defendant stands convicted. On the evening of November 28,

1933, between the hours of 6 and 8 o'clock, the defendant approached the ticket office of the Curran theater with the intent, as he freely admitted while on the stand in his own defense, of perpetrating a robbery. When approximately two feet from the ticket office he drew an automatic revolver from its place of concealment in his clothes. He testified that the gun was discharged as he "was just going to put it up in the cage"; that he had "just cleared the gun over the railing when it went off". In explanation of the firing of the gun he testified: "I suppose I must have pulled the trigger; I don't remember . . . how it happened." As a result of the discharge of the weapon the deceased, who was in the ticket office, was shot through the chest. He died from the wound and the resulting hemorrhage. Defendant immediately fled the scene of the shooting in a taxicab. He proceeded directly to the Koffee Kup restaurant, where he held up the cashier and robbed the cash register of approximately sixty dollars. He stands convicted of this offense as well as of the homicide growing out of the attempt to rob the Curran threater. Within the next succeeding twenty days he perpetrated three other robberies. He was apprehended on December 18, 1933, after a bank robbery and was subdued and captured following a gun duel with the police, in which one officer was shot. While on the stand he admitted, without objection, these several offenses.

█ The law is well settled that a homicide committed in the perpetration of robbery or in an attempt to perpetrate robbery is murder in the first degree. (Pen. Code, sec. 189.) In such cases the law conclusively presumes premeditation and the legislature has declared that they shall be deemed and held to be murder in the first degree. (*People* v. *Murphy*, 221 Cal. 37 [32 Pac. (2d) 635].)

Defendant seeks to exclude his case from the effect of this rule by urging that the evidence is insufficient to establish that the homicide was committed in an attempt to perpetrate robbery. Ile contends that at best the evidence discloses a mere intent to commit robbery and falls short of showing an attempted robbery.

█ An attempt to commit a crime consists of two elements, viz., the intent to commit it, and a direct, ineffectual act done toward its commission. In other words, there must be a unity of intent and overt act. (16 C. J.

113, sec. 92; 8 R. C. L. 277, sec. 294.) ▪ There is, of course, a difference between the preparation antecedent to the commission of an offense and the actual attempt to commit it. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement toward the commission after preparations are made and must be manifested by acts which would end in the consummation of the particular offense unless frustrated by extraneous circumstances. (*People* v. *Stites*, 75 Cal. 570, 575, 576 [17 Pac. 693]; *People* v. *Mann*, 113 Cal. 76 [45 Pac. 182].) Whenever the design of a person to commit crime is clearly shown, slight acts in furtherance of the design will constitute an attempt. (*Stokes* v. *State*, 92 Miss. 415, 428 [46 So. 627, 21 L. R. A. (N. S.) 898].) *People* v. *Moran*, 18 Cal. App. 209, 211 [122 Pac. 969], presented a case of an attempt to commit robbery wherein it was held that the pushing open of the door of a building and partial entry through the same were overt acts that went beyond mere acts of preparation.

▪ In view of the authorities we cannot agree with the defendant in the conclusion that the evidence fails to disclose any overt act reasonably directed toward the consummation of the intended robbery. Defendant's conduct in concealing the gun on his person and going to the general vicinity of the Curran theater with intent to commit robbery may, for present purposes, be classified as mere acts of preparation but when he "walked in there [Curran Theater entrance] about two feet from the grill" and "pulled out the gun" and "was just going to put it up in the cage when it went off", we are satisfied that his conduct passed far beyond the preparatory stage and constituted direct and positive overt acts that would have reasonably tended toward the perpetration of the robbery had the gun not exploded, for one reason or another, and frustrated the plan to consummate the offense. We see no escape from the conclusion that defendant's conduct constituted an attempt to commit robbery. This being so, the homicide perpetrated in connection therewith, whether intended or not, is murder in the first degree under the authorities cited above.

We find no error in the order denying defendant a new trial. Such a motion is addressed to the sound discretion of the trial court. The alleged newly discovered evidence tending to disclose that the series of robberies mentioned above had been planned by defendant in league with a confederate, the latter sharing in the spoils, does not in any manner mitigate the offenses of which defendant stands convicted. Moreover, substantially the same evidence was offered by the defendant while on the stand. He testified that a named person had purchased the gun and cartridges, had designated certain places to be robbed and had shared in the spoils of such robberies.

The judgment and order denying a new trial are, and each is, hereby affirmed.

Shenk, J., Thompson, J., Curtis, J., Langdon, J., Preston, J., and Seawell, J., concurred.

Rehearing denied.