[Crim. No. 292. Fourth Appellate District.—April 15, 1936.]

THE PEOPLE, Respondent, v. PAUL D. PETRO, Appellant.

Edgar G. Langford for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

MARKS, J.—By an information filed by the district attorney of San Diego County, defendant was charged with the crime of murder in the first degree. He was tried before a jury which returned a verdict of guilty of murder in the first degree and fixed his punishment at confinement in the penitentiary for life. Judgment was pronounced in accordance with this verdict. From this judgment defendant has appealed.

Defendant and one James White, a negro, were employed on a hog ranch near El Cajon, California, by Margaret Catherine Geer, the deceased. They planned to rob the deceased and on September 17, 1935, in the perpetration of the robbery James White struck Mrs. Geer over the head, knocking her unconscious. According to defendant's own testimony, White tied Mrs. Geer up, sent defendant out to the road as a lookout, searched the premises, and when the task was complete they took a garbage truck and drove to Los Angeles. Some personal property was taken from the premises. On September

18, 1935, defendant mailed a letter from Los Angeles to the El Cajon police department directing it to send officers to the Geer hog ranch. Upon arrival at the ranch officers found Mrs. Geer had died from the blow delivered by White and that the house had been ransacked. White has not been apprehended. Defendant claims that he participated in the crime through fear of his life induced through threats made to him by White. The evidence does not support this contention.

The sole ground relied upon for reversal of the judgment is that the trial court committed prejudicial error in giving the following instruction: "You are instructed that the charge in this case is murder, which may be punishable by death, and it is no defense to the charge of murder that the defendant, Paul D. Petro, claims that he committed any act or made any of the omissions charged, under threats or menaces."

This instruction is based upon section 26 of the Penal Code, which provides in part: "All persons are capable of committing crimes except those belonging to the following classes: . . . Eight. Persons (unless the crime be punishable with death) who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to and did believe their lives would be endangered, if they refused."

Defendant admits this is a true statement of the law, but claims it is not applicable here because there was no showing that he committed any act which in any way contributed to Mrs. Geer's death. It is true that defendant did not strike the blow which caused the death, but the evidence clearly supports the implied finding of the jury that the defendant and White cooperated in the robbery of Mrs. Geer. The evidence established beyond question that the robbery was planned by defendant and James White and was carried out by them.

"The law is well settled that a homicide committed in the perpetration of robbery or in an attempt to perpetrate robbery is murder in the first degree. (Pen. Code, sec. 189.) In such cases the law conclusively presumes premeditation and the legislature has declared that they shall be deemed and held to be murder in the first degree." (*People* v. *Anderson*, 1 Cal. (2d) 687 [37 Pac. (2d) 67].) Therefore, even though

defendant did not strike the blow which killed Mrs. Geer, it was struck by his accomplice while they were engaged in committing a robbery, and by virtue of the rule above set forth, defendant is guilty of murder in the first degree.

"Every person guilty of murder in the first degree shall suffer death, or confinement in the state prison for life, at the discretion of the jury trying the same; . . . " (Sec. 190, Pen. Code.)

Defendant being charged with a crime which may be punished by death, the instruction correctly states the law applicable to the facts of this case. Under subdivision 8 of section 26 of the Penal Code, where the crime charged may be punished with death, and the evidence clearly shows that the death penalty may be imposed, the defense that the perpetrator of the crime acted under threats or menace sufficient to show he had reasonable cause to believe, and did believe, that his life would be endangered if he refused, is not available. Under such circumstances an instruction such as given here is proper.

The case of *State* v. *Moretti*, 66 Wash. 537 [120 Pac. 102], is factually similar to the instant case. In that case the defendant sought to invoke the defense of duress while he and his accomplices were committing the crime of robbery and death resulted to the victim. Although the defendant in that case did not strike the death-dealing blow, he was participating in the robbery. The court, under a similar statute to subdivision 8 of section 26 of the Penal Code of California, held that the defense of duress was not available.

Even though we should assume that the questioned instruction is erroneous that fact would furnish no ground for a reversal of the judgment because of the provisions of section 4½ of article VI of the Constitution. A study of the record leaves us with the fixed conclusion that the guilt of defendant has been established beyond any doubt and that there has been no miscarriage of justice by his conviction.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.