[Crim. No. 30732. Second Dist., Div. Four. Mar. 28, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH NORMAN La FONTAINE, Defendant and Appellant.

**COUNSEL**

Byron E. Countryman, under appointment by the Court of Appeal, and Sterling & Countryman for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Roger W. Boren and Michael Nash, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON (Bernard), J.**—This is an appeal by defendant from a conviction of the crimes of (1) child molestation, in violation of Penal Code section 647a, and (2) an attempted lewd or lascivious act upon the body of a child under 14 years of age, in violation of Penal Code sections 664 and 288. The two offenses were alleged in a two-count information which also alleged that defendant had been convicted of two prior offenses—the crime of a lewd act with a child, committed on February 25, 1959, a felony, and a misdemeanor offense of violating Penal Code section 647a on April 9, 1975. Defendant entered a plea of not guilty and denied the allegations of the two prior convictions.

At the beginning of the trial and before a jury was selected, the court granted the People's motion to strike the allegations of the two prior criminal convictions. The jury found defendant guilty as charged in the two counts. Defendant was sentenced to state prison for the term prescribed by law on count II—the offense of an attempted lewd or lascivious act upon a child. The court suspended the imposition of sentence on count I—the Penal Code section 647a violation—and ordered that count merged into count II, to be dismissed upon completion of sentence on count II.

### I

### *The Factual Background*

In the middle of July 1976, Peter Lee Murillo, 13 years of age, had left his home in Montalvo on a weekday morning to visit a friend. After a 20-minute visit, he began walking home alone. He sought to hitchhike a ride. At a location on the road near a place called the Trailer Rental Center, a car pulled over and the door on the passenger's side of the car was opened. The driver asked Peter where he was going and Peter replied that he was on his way to the K-Mart near where he lived. Peter then got into the car. Peter identified defendant as the driver of the car.

While they were driving along, there was at first innocuous conversation between the driver and Peter. When the car reached a "Big T" supermarket, defendant stopped the car on the side of the road and asked Peter if he wanted to make an easy five or ten dollars. Peter asked defendant how he could make this money. Defendant replied, "I give you a blow job." Peter said no, opened the car door, got out of the car

and proceeded to his home. At the time of this latter conversation between defendant and Peter, defendant had one hand on the steering wheel of the vehicle and the other hand on the seat approximately six or seven inches from Peter's leg. At no time did defendant touch any portion of Peter's body or make any movement or motion toward Peter's body.

Defendant makes the following contentions on this appeal: (1) that defendant's conduct did not, as a matter of law, constitute an attempt to commit a violation of Penal Code section 288; (2) that defendant could not be convicted of both a violation of Penal Code section 647a and an attempt to violate Penal Code section 288, since a 647a violation is a lesser and necessarily included offense to a violation of section 288; (3) that defendant was denied a fair trial by virtue of prosecutorial and judicial misconduct; and (4) that the evidence upon which defendant was convicted is inherently improbable.

## II

### Defendant's Conduct Insufficient To Constitute an Attempted Violation of Penal Code Section 288

Defendant asserts as a matter of law that his conduct, which consisted solely of a verbal communication with Peter, the victim, is insufficient to constitute the criminal offense of an *attempt* to violate Penal Code section 288. Penal Code section 288 creates the felony offense for "[a]ny person who shall willfully and lewdly commit any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child." Penal Code section 664 defines the punishment for attempts to commit any crime but does not itself define the crime of attempt.

It has remained for the decisional law to define the crime of attempt. The law is clear that the crime of attempt requires that a defendant's acts or conduct go beyond acts of preparation to commit a crime. The basic problem is that of determining whether a defendant's acts or conduct have proceeded beyond the preparation stage in order to constitute the crime of attempt. In *People* v. *Anderson* (1934) 1 Cal.2d 687 [37 P.2d 67], the court explained the difference between the preparation,

looking toward the commission of an offense, and the actual attempt to commit it. The court stated: "The preparation consists in devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement toward the commission after preparations are made and must be manifested by acts which would end in the consummation of the particular offense unless frustrated by extraneous circumstances." (*Anderson, supra,* 1 Cal.2d 687, 690.)

In *People* v. *Buffum* (1953) 40 Cal.2d 709, 718 [256 P.2d 317], the court gave further elucidation to the principle of the difference between acts of preparation and acts constituting an "attempt" by stating: "This court has held that two elements are necessary to establish an attempt, namely, a specific intent to commit a crime and a 'direct' ineffectual act done towards its commission." The *Buffum* court also stated that the crime of an attempt requires that there be "some appreciable fragment of the crime committed." (*Buffum, supra,* 40 Cal.2d 709, 718.)

The issue in *Buffum* relating to the question of whether the crime of an attempt had been committed was whether defendants had committed sufficient acts in California to constitute the offense of an attempt to commit an abortion. The acts of defendants alleged to constitute an attempt consisted of defendants' making arrangements for transportation and then taking women from California to Mexico for the purpose of performing abortions upon them in that country. The *Buffum* court concluded that "such conduct is merely preparatory and does not constitute a direct, unequivocal act done toward the commission of the offense . . . ." (*Buffum, supra,* 40 Cal.2d 709, 718.)

In *People* v. *Holbrook* (1955) 45 Cal.2d 228 [288 P.2d 1], a chiropractor was charged with the offense of attempted abortion. Here the defendant in his office discussed performing an abortion upon a female undercover policewoman and a male officer who represented himself as her husband. The defendant stated a price of $150 and received $140 from the couple. Defendant then advised the woman to undress to prepare for the abortion. At this time the defendant was arrested. These facts were considered by the *Holbrook* court to be insufficient to constitute the crime of attempted abortion. In so holding, the court remarked: "The evidence is not sufficient to support the conviction under the second count [attempted abortion] since the record relating to the asserted attempted abortion upon the policewoman shows merely preparation and no direct, unequivocal act toward the commission of an abortion." (*Holbrook, supra,* 45 Cal.2d 228, 232.)

Are acts of solicitation to be considered any different from the acts and conduct held to be acts of preparation and, hence, insufficient to constitute the crime of attempt, such as those found in *Anderson, Buffum* and *Holbrook*? In *People* v. *Adami* (1973) 36 Cal.App.3d 452 [111 Cal.Rptr. 544], the court considered the question of the sufficiency of acts of solicitation to constitute the offense of attempted murder. In *Adami,* as in *Holbrook,* the defendant dealt with an undercover police officer. The police officer posed as a would-be assassin and defendant solicited him to kill defendant's wife. The defendant gave the would-be assassin a down payment, a photograph of the wife, and a detailed written description of her.

The *Adami* court held that these acts on the defendant's part constituted acts of preparation and were not sufficient to constitute the crime of attempted murder. "The weight of authority is that solicitation alone is not an attempt, and if solicitation is punishable it must be so charged in the indictment rather than as an attempt." (*Adami, supra,* 36 Cal.App.3d 452, 457.) The *Adami* court emphasized that "[i]n the present case no appreciable fragment of the crime charged was accomplished. Although there is present the element that defendant had the specific intent to commit murder, there is no evidence that he committed a direct unequivocal act to that end. . . . The acts on defendant's part consisted solely of solicitation or mere preparation." (*Id.* at p. 457.)

The *Adami* court points out that a legal scholar has suggested that solicitation under certain circumstances should be considered as constituting a criminal attempt. (See Perkins, *Criminal Attempt and Related Problems* (1955) 2 UCLA L.Rev. 319, 351-353.) The People in the case at bench urge that we adopt the suggestion of Perkins and hold that acts of solicitation such as occurred in the case at bench amount to the offense of an attempt to violate Penal Code section 288. The suggestion made by Perkins is that, (1) if the solicitor intends to take an active part in the crime, and (2) the crime is to be committed at the time of solicitation, and (3) if the cooperation of the person solicited or submission by the person solicited is an essential feature of the crime itself, such solicitation ought to be considered as a criminal attempt.

We reject this suggestion by the People. We see no logic or reason to carve out of the general principles, accepted by the California decisional law, an exception that *certain acts* of solicitation, which otherwise constitute preparation only, should be considered as going beyond preparation to constitute the offense of an attempt, because of the type of

crime being solicited. The fact that the person solicited is needed for the consummation of the offense cannot logically or reasonably change the character of a defendant's acts from mere preparation to an unequivocal act to commit the ultimate offense or to constitute some fragment of the crime which is alleged to have been attempted.

The decisional law from other jurisdictions has taken the same approach—that acts of solicitation constitute preparation only and do not rise to the level of the offense of a criminal attempt. (See *Hicks* v. *Commonwealth* (1889) 86 Va. 223 [9 S.E. 1024] (solicitation to commit murder); *State* v. *Lowrie* (1952) 237 Minn. 240 [54 N.W.2d 265] (solicitation to commit bribery); *State* v. *Lampe* (1915) 131 Minn. 65 [154 N.W. 737] (solicitation to commit extortion).)

### III

*The Issue of Whether Defendant Could Properly*
*Be Convicted of Attempted Violation of Penal*
*Code Section 288 and the Necessarily Included*
*Lesser Offense of a Violation of*
*Penal Code Section 647a*

█ It is defendant's contention that a defendant cannot properly be convicted of both a greater offense and a necessarily included lesser offense. There can be no rational dissent from the fact that a violation of Penal Code section 647a[1]—the misdemeanor of annoying or molesting a minor under the age of 18—is necessarily included in the offense provided by Penal Code section 288—that of willfully and lewdly committing a lewd or lascivious act upon the body of a child under the age of 14. It is defendant's position that the same act which constitutes a greater offense and a necessarily included offense cannot lead to a conviction of both offenses. Defendant places his reliance for this position upon Penal Code section 654.

Section 654 has been a part of the Penal Code since 1872. Essentially it provides that "[a]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either

---

[1]Penal Code section 647a creates a misdemeanor for a person "who annoys or molests any child under the age of 18." The punishment provided is a fine not exceeding $500 or imprisonment in the county jail for up to six months, or by both the fine and county jail imprisonment. Penal Code section 647a creates a felony offense for a second and each subsequent conviction, or upon a first conviction after a previous conviction under Penal Code section 288.

of such provisions, but in no case can it be punished under more than one; . . ." The Attorney General's answer to defendant's contention is that Penal Code section 654 does not bar a prosecution for both a greater offense and a necessarily included lesser offense arising from the same act; that the proscription set forth in Penal Code section 654 is one of punishment rather than one of conviction. "If one offense is necessarily included within another offense section 654 [Pen. Code] bars *punishment* for both offenses." (*In re Adams* (1975) 14 Cal.3d 629, 633 [122 Cal.Rptr. 73, 536 P.2d 473].) (Italics added.)

The People cite as dispositive of defendant's position the case of *People* v. *Miranda* (1967) 254 Cal.App.2d 517 [62 Cal.Rptr. 339]. Here, a defendant was charged with one offense—that of a violation of section 288 of the Penal Code. The trial court instructed the jury on a lesser and necessarily included offense, namely, annoying or molesting a child under the age of 18 years in violation of Penal Code section 647a. The jury returned verdicts convicting defendant of both the offense charged of violating Penal Code section 288 and the necessarily included offense of a violation of section 647a. The trial court suspended proceedings, placed the defendant on probation on certain terms and conditions.

In rejecting defendant's contention that he had been improperly convicted of two offenses, the *Miranda* court stated: "Manifestly, the present case presents no problem of double punishment. The proceedings having been suspended and appellant having been granted probation, no judgment has been entered nor has sentence been imposed. . . . [i]n the event it should become necessary to revoke appellant's probation, resume criminal proceedings and impose sentence, the judgment and sentence will convict and punish him only for the crime with which he was charged, the more serious crime of violating section 288 of the Penal Code." (*Miranda, supra,* 254 Cal.App.2d 517, 524.) In the case at bench the trial court followed the procedure of *Miranda* and suspended the imposition of any sentence with respect to defendant's conviction of the offense charged in count I, namely, the misdemeanor of violating Penal Code section 647a.

The necessity of considering the application of Penal Code section 654 to the present case arises from the fact that we hold that the evidence presented by the prosecution is insufficient to sustain defendant's conviction of committing an attempted violation of Penal Code section 288, as charged in count II. Since the proscription of Penal Code section 654 applies only to double punishment and not double conviction, it

follows that defendant properly could be convicted of a violation of Penal Code section 647a even though the evidence would not sustain a conviction of an attempt to violate Penal Code section 288. **(5)** The question remains of whether the acts committed by defendant in the instant case are sufficient to sustain his conviction of a violation of section 647a although insufficient to sustain his conviction of the offense of an attempt to violate Penal Code section 288.

" 'If the conduct of a defendant is so lewd or obscene that the normal person would unhesitantly be irritated by it, such conduct would "annoy or molest" within the purview of section 647a, subdivision (1), Penal Code.' " (*People* v. *Thompson* (1959) 167 Cal.App.2d 727, 734 [335 Cal.Rptr. 249].)[2]

The law is well settled that there need not be an actual contact by a defendant with any part of the body of the victim in order for a defendant's acts to constitute the crime of an annoyance or a molestation of a child under 18 as required by section 647a. Words alone may constitute the annoyance or molestation proscribed by Penal Code section 647a. "[T]he touching of the body is not necessarily required. [Citation.]" (*Thompson, supra,* 167 Cal.App.2d 727, 734.)

In *People* v. *Carskaddon* (1959) 170 Cal.App.2d 45 [338 P.2d 201], the court held that Penal Code section 647a, subdivision (1), was violated by a defendant's actions of walking along the street with a 17-year-old girl, who was a stranger to him, and asking her extremely lewd and obscene questions with respect to whether she had ever had certain unnatural acts performed upon her. In the case at bench the words used by defendant toward the victim Peter were unmistakably lewd and obscene and hence constituted conduct which would "annoy or molest" the 13-year-old victim within the meaning of Penal Code section 647a. Thus, there was no bar to defendant's conviction of a violation of Penal Code section 647a, even though defendant's conduct did not constitute a violation of Penal Code sections 664 and 288 as charged in count II of the information.

---

[2]Prior to 1967, Penal Code section 647a was divided into two subdivisions. In 1967 this section was amended to delete the two subdivisions. (See Stats. 1967, ch. 154, § 1, p. 1241.)

IV

*The Issue of Prosecutorial and
Judicial Misconduct*

██ ██ Defendant advances the contention that the prosecutor's remarks in argument and the trial judge's responses thereto were such as to constitute a denial to defendant of a fair trial and, hence, constituted prejudicial error. The remarks of the prosecutor which defendant finds particularly objectionable were the prosecutor's reference to defendant as the "lowest of lows," and the prosecutor's reference to defendant as being a liar. The defendant contends that the trial judge indicated a bias against defendant by first refusing to admonish the prosecutor and advising the jury accordingly regarding the reference to "the lowest of lows." Subsequently, the trial judge did instruct the jury to disregard this comment of the prosecutor.

Our review of the record, however, does not indicate any misconduct by the prosecutor that could be deemed to constitute prejudicial error nor any conduct by the trial judge that could be considered to establish any bias or prejudice against defendant. We recognize the rule that a prosecutor "cannot overreach by stating his personal belief based on facts not in evidence." (*People* v. *Bandhauer* (1967) 66 Cal.2d 524, 529 [58 Cal.Rptr. 332, 426 P.2d 900].) But we do not find that there was any violation of this rule in the case at bench.

V

*The Issue of Whether the Evidence of Guilt
Was Inherently Improbable*

██ Defendant asserts that Peter's testimony as to the events involved was inherently improbable. Defendant's main objection is predicated on the fact that Peter's testimony was uncorroborated and subject to certain inconsistencies. Defendant, however, overlooks the fact that it is not the function of the reviewing court to reweigh the evidence. "The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. [Citation.] The appellate court must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt. [Citations.]" (*People* v. *Reilly* (1970) 3 Cal.3d 421, 425 [90 Cal.Rptr. 417,

475 P.2d 649].) ▮ There is no rule of law that requires corroboration of the testimony of a complaining witness to sustain a conviction of the offense of violating Penal Code section 647a. (See *People* v. *Carlson* (1946) 73 Cal.App.2d 933, 936 [167 P.2d 812].) ▮ "Moreover, the law is well settled that a case does not fall within the inherent improbability class merely because the testimony discloses unusual circumstances." (*Carlson, supra,* 73 Cal.App.2d 933, 939.)

The judgment is reversed with respect to count II (Pen. Code, §§ 664, 288) with instructions to the trial court to enter a judgment of acquittal for the defendant on said count. The judgment of guilt is affirmed with respect to count I (Pen. Code, § 647a) with instructions to the trial court to conduct further probation and sentence proceedings on this count and pronounce a misdemeanor sentence as provided by Penal Code section 647a.

Kingsley, Acting P. J., and Bigelow, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.