Lawrence E. WARD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 34S00–8609–CR–830.

Supreme Court of Indiana.

Sept. 12, 1988.

Merrill W. Otterman, Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

The question presented is whether solicitation of a child may suffice for conviction of attempted child molesting. As the trial judge correctly noted, this is a question of first impression in Indiana.

Appellant Lawrence Ward was convicted after a bench trial of attempting to molest a child under twelve, a class B felony, Ind.Code §§ 35–42–4–3(a), 35–41–5–1, and attempting to molest a child age twelve through fifteen, a class C felony, Ind.Code §§ 35–42–4–3(c), 35–41–5–1 (Burns 1985 Repl.). The judge sentenced Ward to fifteen years in prison for the class B felony

and eight years for the class C felony with the sentences to run consecutively.

The evidence favorable to the judgment showed that during the afternoon of June 5, 1985, Ward followed and approached 11-year-old D.D. on the streets of downtown Greentown. Ward asked D.D. if he would like Ward to perform fellatio on him. Ward made three such requests. D.D., who was with a friend during this encounter, refused the solicitations. D.D. and Ward were unknown to each other before this day.

Later that day, D.D. told the sheriff about the incident. To verify D.D.'s story, the sheriff asked R.C., a 15-year-old boy, to approach Ward and engage in casual conversation. He also instructed R.C. not to broach the subject of sex. R.C. agreed and sought out Ward. After R.C. found Ward and greeted him, Ward responded by extending a beer toward R.C. and offering it to him. R.C. declined the beer. Ward then told R.C. that if he would not tell anybody, Ward would perform fellatio on him. R.C. refused the offer. Ward suggested vaguely that if R.C. were ever in the nearby town of Jerome he should visit Ward at his house. The sheriff monitored the situation from about a half block away. R.C. and Ward were also unknown to each other before this day.

Ward argues that evidence of solicitation is insufficient to sustain a conviction of attempted child molesting, especially when there is an applicable child solicitation statute. Ind.Code § 35–42–4–6. Appellant as-serts that at common law solicitation to commit a crime was not an attempt, and that more recent cases have held that solicitation does not amount to an attempt. *See Gervin v. State*, 212 Tenn. 653, 371 S.W.2d 449 (1963); *Hutchinson v. State*, 315 So.2d 546 (Fla.App.1975), *over'd on other grounds, Gentry v. State*, 437 So.2d 1097 (Fla.1983); *State v. Otto*, 102 Idaho 250, 629 P.2d 646 (1981). These cases involved a defendant charged with attempted murder for soliciting a second party to murder a third. A three-party solicitation is generally not close enough to performance or completion of the crime to constitute an attempt.

More pertinent to appellant's argument is *People v. La Fontaine*, 79 Cal.App.3d 176, 144 Cal.Rptr. 729 (1978), a case involving a defendant who picked up a 13-year-old hitchhiker and offered to pay him for sex. The California Court of Appeals stated it could find "no logic or reason" to merit carving out an exception allowing some solicitations to constitute an attempt. *Id.* at 182, 144 Cal.Rptr. at 733. To say that asking a child for sex cannot be an attempt because it is solicitation is reasoning by labels.[1] We reject the conclusion of *La Fontaine*, and we hold that acts which rise above mere invitation may properly fit under the law of attempt.

## I. *Solicitation as Attempt*

Defining what constitutes an attempt has always been a burden upon the common law, challenging even the most respected judges.[2] Deciding where to draw the line

---

**1.** Existence of a statute concerning solicitation of children under twelve does not render this labeling more respectable as a basis for judging sufficiency of the evidence. The question is still where the line falls between solicitation and attempt.

The applicable statute in this case states: "Child solicitation. A person eighteen (18) years of age or older who knowingly or intentionally solicits a child under twelve (12) years of age to engage in: (1) sexual intercourse; (2) deviate sexual conduct; or (3) any fondling or touching intended to arouse or satisfy the sexual desires of either the child or the older person; commits child solicitation, a Class A misdemeanor." Ind.Code § 35–42–4–6.

**2.** No less than Oliver Wendell Holmes tackled the issue. In The Common Law, he observed:

"Eminent judges have been puzzled where to draw the line [between what constitutes attempt and what does not], or even to state the principle on which it should be drawn.... But the principle is believed to be similar to that on which all other lines are drawn by the law. Public policy, that is to say, legislative considerations, are at the bottom of the matter; the considerations being in this case the nearness of the danger, the greatness of the harm, and the degree of apprehension felt." O. Holmes, Jr., *The Common Law* 68 (1881).

As a member of the Massachusetts Supreme Judicial Court, Holmes wrote: "Every question of proximity must be determined by its own circumstances, and analogy is too imperfect to give much help." *Commonwealth v. Kennedy*, 170 Mass. 18, 22, 48 N.E. 770, 771 (1897).

has always depended upon "the particular circumstances of each case—the seriousness of the crime attempted, and the danger to be apprehended from the defendant's conduct." Sayre, *Criminal Attempts*, 41 Harv.L.Rev. 821, 845 (1928).

▪▪▪ In deciding whether acts of solicitation rise to the level of an attempt, we commence with the well-settled definition of criminal attempt. The defendant must have been acting with specific intent to commit the substantive crime, and he must have engaged in an overt act which constitutes a substantial step toward commission of the crime. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507. Applying this definition to a given set of facts requires further definition of the term "substantial step." We adopt two separate tests to determine when solicitation may be a substantial step. The first test is fairly mechanical and the second involves an assessment of the wrong which the legislature seeks to sanction.

*Three–Part Test for Solicitation.* First, a solicitation may be a substantial step only when: 1) the solicitation takes the form of urging; 2) the solicitation urges the commission of the crime at some immediate time and not in the future; and 3) the cooperation or submission of the person being solicited is an essential feature of the substantive crime. Perkins, *Criminal Attempt and Related Problems*, 2 UCLA L.Rev. 319, 353 (1954–55).[3]

*Nature of the Crime.* Second, if those findings are made, the court must consider the specific crime, and the wrongful human conduct that the legislature sought to sanction. One commentator has stated an eloquent principle about the role which the nature of the crime plays in determining what a substantial step is: "... the more serious the crime attempted or the greater the menace to the social security from similar efforts on the part of the defendant or others, the further back in the series of acts leading up to the consummated crime should the criminal law reach in holding the defendant guilty for attempt." Sayre, *supra* at 845.

We have little difficulty in concluding that child molesting is a sufficiently serious crime to justify drawing a fairly early line to identify and sanction behavior as an attempt. It is clear the legislature believes child molesting is one of the most heinous crimes. Two statutes in Indiana support that proposition: Ind.Code § 35–42–1–1(2) (intent to kill may be inferred if death occurs during the commission of child molesting) and Ind.Code § 35–50–2–9(b)(1) (child molesting one of the single aggravating circumstances permitting the death penalty).

Child molesting is a crime of unique characteristics. Among the two-party types of solicitation, child solicitation seems to be the only such crime that involves just one potentially guilty party. For instance, in soliciting bribery or suborning perjury, both parties may incur criminal liability. Perkins, *supra*. In soliciting a child, the solicited party is a vulnerable minor, without competence to consent as a matter of law. Some harm likely occurs to the innocent child just by being solicited to perform such acts, especially when explicit language is used. Moreover, the crime of child molesting is often perpetrated by persuasion and trickery rather than an overpowering or sudden attack. Solicitation of child molesting brings the parties much closer to completion of the substantive crime than might be the case in adult-adult or three-party solicitations.

## II. *Application of the Test*

Ward's solicitation of each boy was, of course, an overt act, and there is little question that Ward was acting with a specific intent to molest the child.[4] The crucial question, in each instance, is whether the circumstances and solicitations amount-

---

**3.** This specific evaluation of the solicitation, therefore, excludes three-party solicitations, where A solicits B to murder C. It does include, though, two-party solicitations such as bribery or suborning perjury.

**4.** In testimony by D.D. at the trial, Ward was said to have asked: "Would you like to have your peter sucked?" The boy then asked "namely who (?)" and Ward responded by saying "namely me."

ed to a substantial step toward commission of the crime of child molesting.

■ *Solicitation of D.D.* Ward initiated the contact with D.D., the eleven-year-old, when he followed and approached the boy. Ward also solicited D.D. three times in a context that amounted to urging or persuasion rather than a mere invitation. Ward, who was 37 years old at the time, approached D.D. by saying that the sheriff would get D.D. in trouble and that the sheriff was a "pervert." Ward was also urging commission of the crime immediately. The pursuit, the approach, the multiple requests, and Ward's initial statements to D.D., which were provocative and authoritative, all indicated that Ward's solicitation was a substantial step toward committing child molesting.

Further, the substantive crime of child molesting is a two-party offense, which requires the cooperation or submission of the child being solicited. The elements of Ind. Code § 35–42–4–3(a) are: (1) a person (2) with a child under 12 years of age (3) performs or submits (4) to sexual intercourse or deviate sexual conduct.

The solicitation of D.D., therefore, was: (1) substantially in the nature of persuasion, (2) aimed at immediate commission of a crime, and (3) aimed at committing an offense dependent on cooperation of the one being solicited. The presence of these three features and the relatively serious nature of child molesting as a crime suggests that this set of acts may be fairly characterized as an attempt.

■ *Solicitation of R.C.* The same analysis points to a different outcome with respect to Ward's solicitation of R.C. The record reveals that Ward neither followed nor approached R.C. Rather, R.C. sought out and approached Ward. Ward solicited R.C. only one time. Ward's solicitation of R.C. fails to be an urging or persuasion. Moreover, Ward's conversation with R.C. was directed, at least in part, to future opportunity as contrasted with immediate sexual activity. Thus, two of the elements which suggest categorizing the solicitation of D.D. as an attempt are not applicable in the case of R.C. The evidence is insuffi-

cient to establish that Ward attempted to molest R.C.

### III. *Conclusion*

We hold that certain acts of child solicitation may constitute attempted child molesting. Ward's solicitations of D.D., the 11–year–old, constituted attempted child molesting; his solicitation of R.C., the 15–year–old, did not.

Ward's class B felony conviction for attempted child molesting is affirmed and his class C felony is reversed.

GIVAN, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in part and dissents in part with opinion.

DeBRULER, Justice, dissenting and concurring.

The behavior upon which this conviction rests is solely verbal. Appellant did not move (attempt) to restrain the movement of the child or take liberties with his person, or to even touch him in a manner which would be generally regarded as innocent, though the opportunity was present. He did not shake hands with him, pat him on the back, or even try to do so. There was no demonstration toward the child to coerce, to seize him, or to prevent his walking away. The words spoken and the idea they conveyed, while reprehensible, did not constitute the crime charged, namely unlawfully attempting to touch the child's sex organs, but were punishable instead as the class A misdemeanor of soliciting a child under twelve to engage in deviate sexual conduct. I.C. 35–42–4–6.

I.C. 35–41–5–1, the attempt statute, provides in pertinent part:

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime."

I.C. 35–42–4–3, the child molesting statute, upon which Count I is based provides that:

"A person who, with a child under twelve (12) years of age, performs ... deviate sexual conduct commits child molesting...."

I.C. 35–41–1–9 defines deviate sexual conduct as:

"... an act involving ... a sex organ of one person and the mouth ... of another person...."

It is important here to be fully aware from the statutory definition of deviate sexual conduct that the prosecutor was bound to prove that appellant engaged in conduct that constitutes a substantial step toward placing his mouth upon the boy's sex organ. The requirement is for proof of "conduct", that is, an overt act which is not simply one performed in furtherance of a criminal plan, but an overt act which is a "substantial step" toward that end. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507. The design or plan which appellant had in mind manifested itself solely in speech. This design or plan did not manifest itself in other overt behavior. The speech, a solicitation, while reprehensible and punishable as a misdemeanor as causing injury to those under twelve years of age, was unaccompanied by forward overt acts, and as such standing virtually alone as a manifestation of intent was not conduct constituting a substantial step toward the touching of the boy's person. The evidence does not bring appellant's offense within the definition of the crime charged in Count I. For like reason, I agree with the majority opinion wherein it sets aside appellant's conviction in Count II for insufficient evidence.