ATTORNEY FOR APPELLANT
Nicholas T. Otis
LaPorte, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 75S03-1401-CR-13



FILED
Sep 30 2014, 3:42 pm

CLERK
of the supreme court,
court of appeals and
tax court

ROBERT CORBIN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

---

Appeal from the Starke Circuit Court
No. 75C01-1204-FD-72
The Honorable Kim Hall, Judge

---

On Petition To Transfer from the Indiana Court of Appeals, No. 75A03-1209-CR-402

---

**September 30, 2014**

**Per Curiam.**

This interlocutory appeal challenges the trial court's refusal to dismiss charges of attempted child seduction. We affirm the trial court.

The allegations are that Robert Corbin, a teacher and coach, communicated via an internet site (Facebook.com) with a sixteen-year-old student; on one day, he asked the student to "take care of" his sexual arousal and sneak out of the house after the adults were asleep so Corbin could drive over and pick up the student, and the next day, Corbin inquired about the size of the student's breasts and again asked the student to sneak out so he could see them. Corbin was charged with two counts of attempted child seduction. A teacher who engages in touching or fondling a student age sixteen to eighteen years of age with the intent to arouse or satisfy the sexual desires of the teacher or the student commits "child seduction," a class D felony, though "solicitation" of a student of that age, without more, is not a crime under the child solicitation statute. *See* Ind. Code §§ 35-42-4-6 (child solicitation) & 7 (child seduction). As relevant here, a person "attempts" to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a "substantial step" toward commission of the crime. *See* I.C. § 35-41-5-1 (2008).

Relying primarily on Ward v. State, 528 N.E.2d 52 (Ind. 1988), Corbin moved to dismiss the charges on grounds the online solicitation was not aimed at the "immediate commission of a crime." (Appendix, p. 18.) *See* I.C. § 35-34-1-4(a)(5) (specifying that a trial court may dismiss charges when "the facts stated do not constitute an offense").

The trial court denied Corbin's motion to dismiss but certified the issue for an Appellate Rule 14(B) interlocutory appeal, which the Court of Appeals accepted.

Reviewing for an abuse of discretion and taking the facts alleged in the charging document as true, the Court of Appeals reversed the trial court. *See* Corbin v. State, 999 N.E.2d 70, 80 (Ind. Ct. App. 2013), *vacated*. The Court of Appeals concluded that as a matter of law, the internet solicitations did not constitute a substantial step toward the crime of child seduction because Corbin's requests were simply an invitation to the student, not the required "urging" or "persuasion" discussed in Ward, and in any event because the requests were not made in the student's presence, the student was never in a position to submit to the solicitation so the requests related to future conduct, not the immediate commission of a crime. We granted transfer of jurisdiction, Corbin v. State, 1 N.E.2d 149 (Ind. 2014) (table), and heard oral argument.

2

In <u>Ward</u>, this Court addressed the question whether solicitation of a child may suffice for conviction of attempted child molesting. 528 N.E.2d at 52. We noted, as stated in the Court of Appeals opinion, that what constitutes an attempt offense in the area of sex offenses against children can, on occasion, be determined as a matter of law, but often, the question involves subtle distinctions in behavior and the nuance of the context in which the behavior occurs. One difference between Corbin's case and most of the cases cited by the Court of Appeals, including <u>Ward</u>, is those cases involved review of a conviction after all of the evidence had been presented. Corbin's case, by contrast, is in the charging stage, when other evidence, if there is any, is not yet known. And for the most part, the charges against him reflect the language of the seduction statute. At this point, we simply cannot say that dismissal is required and we conclude there are enough unanswered questions to affirm the trial court's denial of the motion to dismiss. In short, the charges match the statutory elements and are sufficient to survive a motion to dismiss at this time.

Having previously granted transfer, we affirm the trial court and remand the case for further proceedings.

All Justices concur.