Charles BENSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 50A03–9011–CR–516.

Court of Appeals of Indiana,
Third District.

July 10, 1991.

Holli Shorter–Pifer Rockaway and Shorter–Pifer, Plymouth, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Following a trial by jury, appellant-defendant Charles Benson was convicted of child molesting, a Class B felony; child molesting, a Class C felony; and attempted child molesting, a Class C felony. Appellant was also found to be an habitual offender; however, he appeals only the attempted child molesting conviction.[1]

The facts relevant to the appeal disclose that on January 4, 1990, appellant drove 15–year–old D.S. to his home in Bremen, Indiana, so she could visit with one of his stepchildren. On the way to his home, appellant told D.S. he wanted to make love to her. After arriving at his home, appellant and his wife repeatedly attempted to persuade D.S. to have sexual intercourse with them, but she refused. Later in the day, appellant and his wife told D.S. they were disappointed in her for not "trying," then appellant's wife began to stroke D.S.'s leg. D.S. became upset, and appellant gave her two pills with some wine. When the pills caused D.S. to become light-headed, appellant's wife grabbed her legs and hands and attempted to force her to engage in sexual intercourse. D.S. broke away, and appellant's wife told her they would drop the subject for the rest of the night. At one point during the night, appellant asked D.S. if she would lie down next to his wife, but she refused. Appellant drove D.S. home the next day after she refused to have sexual intercourse with him, his wife, and a third party.

---

1. This Court would note that the Statement of the Case in appellant's brief does not contain a verbatim statement of the judgment and that the Statement of the Facts does not contain any facts. We would advise counsel for appellant to re-read the rules of appellate procedure before filing another brief.

■ Appellant's sole claim on appeal is that the evidence was insufficient to sustain his conviction for attempted child molesting. When reviewing a claim of insufficient evidence, this Court neither reweighs the evidence nor rejudges the credibility of witnesses. Rather, it looks only to the evidence favorable to the judgment and any reasonable inferences therefrom. If there was sufficient evidence of probative value to support a finding of guilt beyond a reasonable doubt, this Court will affirm the conviction. *Stewart v. State* (1988), Ind., 531 N.E.2d 1146, 1148. The uncorroborated testimony of the victim is alone sufficient to convict. *Id.*

IND.CODE § 35–42–4–3(c) (1988 Ed.) defines the offense of child molesting as follows:

> "A person sixteen (16) years of age or older who, with a child of twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class C felony."

The attempt statute, IND.CODE § 35–41–5–1 (1988 Ed.), provides in pertinent part:

> "(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime."

Because the behavior upon which his conviction rests was solely verbal, appellant claims the State failed to prove that he engaged in conduct constituting a substantial step toward commission of child molesting.

■ In *Ward v. State* (1988), Ind., 528 N.E.2d 52, our Supreme Court held that certain acts of child solicitation may constitute attempted child molesting. *Id.* at 55. The *Ward* court adopted a three-part test for determining when a solicitation constitutes a substantial step: (1) the solicitation takes the form of urging; (2) the solicitation urges the commission of the crime at some immediate time and not in the future; and (3) the cooperation or submission of the person being solicited is an essential fea-

ture of the substantive crime. *Id.* at 54. In the instant case, appellant initiated the contact with D.S. and, along with his wife, made repeated attempts to persuade D.S. to engage in sexual intercourse. The solicitation was aimed at immediate commission of the crime and, as the *Ward* court recognized, the substantive crime of child molesting is a two-party offense requiring the cooperation or submission of the child being solicited. *Id.* at 55. The evidence was sufficient to show that appellant engaged in conduct constituting a substantial step toward commission of child molesting.

Affirmed.

GARRARD and SHIELDS, JJ., concur.