**Michael SHAHAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 53A05–9506–CR–248.

Court of Appeals of Indiana.

Aug. 6, 1996.

Transfer Denied Oct. 15, 1996.

Phyllis J. Emerick, Bloomington, for Appellant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBERTSON, Judge.

Michael Shahan appeals his conviction of attempted child molesting, a class D felony.

He claims the evidence is insufficient to support his conviction. We affirm.

The State charged Shahan with two counts of child molesting and with one count of attempted child molesting. The jury found Shahan not guilty of the molestations and guilty of the attempt. The victim was his twelve-year-old daughter. The charge alleged, in pertinent part, that Shahan:

who was over the age of sixteen (16) years of age, did attempt to perform or submit to fondling with [his daughter], a child between the ages of twelve (12) and sixteen (16), with the intent to arouse his sexual desires by asking [his daughter] to undress, come to bed with him and fondle his penis ...

The record reveals that Shahan was no longer married to the victim's mother but that Shahan had visitation with the victim. Shahan eventually remarried, and his new wife gave birth to a daughter. On the night in question, Shahan's infant daughter was with him at home but his wife was in the hospital with complications from the birth. The victim stayed with Shahan overnight so she could help him with her new half-sister. At trial, the victim related what had occurred with regard to the charge of attempted child molesting:

Q. So, so when you were there in the apartment, are you saying that your father and your half-sister were there the entire time?

A. Yea.

Q. On this occasion, how, what time of day was it that the incident we're discussing occurred?

A. At night.

Q. And where were you in the trailer at the time?

A. I was in the kitchen.

Q. And what happened at that point?

A. I was fixing her bottle by getting the formula out, and then I put the water in it from the faucet and my dad came in.

Q. And how was your father dressed?

A. He was, I think he was in his pajama bottoms, but I am not for sure.

Q. What happened then?

A. He came in there and he goes, would, uh, will you touch my dick and I go, no, he goes well, if you don't do it, I'm going to have to do it, because I'm going to have to go in the bathroom and do it, and I go, I'm not going to do it, you can just go ahead and go in there, and so as far as I know he went into the bathroom and done it.

Q. Can you recall your father saying anything else on that occasion?

A. Uh, he, he just said that, and said, well, if you don't do it I'm going to have to go into the bathroom.

For criminal attempt, the defendant must have been acting with specific intent to commit the substantive crime and must have engaged in an overt act which constitutes a substantial step toward commission of the crime. *Ward v. State*, 528 N.E.2d 52, 54 (Ind.1988). Shahan claims the evidence in the present case is not sufficient to establish that he engaged in an overt act which constitutes a substantial step toward commission of the crime of child molesting.

Our supreme court has adopted two separate tests to determine when solicitation may be a substantial step. First, a solicitation may be a substantial step only when: 1) the solicitation takes the form of urging; 2) the solicitation urges the commission of the crime at some immediate time and not in the future; and 3) the cooperation or submission of the person being solicited is an essential feature of the substantive crime. *Ward*, 528 N.E.2d at 54. Second, if those findings are made, then the court must consider the specific crime and the wrongful human conduct the legislature has sought to sanction. *Id.* With regard to the latter test, child molesting is a sufficiently serious crime to justify drawing a fairly early line, in the series of acts which lead up to the consummated crime, to identify and sanction behavior as an attempt. *Id.*

In the present case, the cooperation of the victim was an essential feature of the charged crime. Also, one cannot reasonably dispute that the commission of the crime was to occur immediately and not in the future.

We therefore are left with the determination of whether the solicitation took the form of urging.

While in his home, Shahan approached and asked his daughter if she would touch his penis. She refused. He then stated that if she did not do it, then he would have to do it himself. She again refused. In *Ward*, R.C. approached the defendant, a stranger, and the defendant made a single solicitation, which was directed, at least in part, to future opportunity. *Ward*, 528 N.E.2d at 55. The defendant in *Ward* then backed off.

Here, Shahan persisted. He first approached his daughter and then twice requested that she participate in the immediate gratification of his sexual desires. Twice she refused his requests. As her father, Shahan occupied a position of trust. His solicitation of his daughter may fairly be characterized as an urging that she fondle him. When taken together, this conduct amounts to an attempt. The evidence is sufficient to support the determination that Shahan engaged in an overt act which constituted a substantial step toward the commission of child molesting.

Shahan next claims that the evidence, in general, is insufficient to support his conviction. He claims that the testimony of the victim is inherently unbelievable and replete with incredible dubiosity. His claims are merely an invitation to this Court to weigh the evidence and to judge the credibility of the witnesses. We decline to do so.

Judgment affirmed.

NAJAM, J., concurs.

BARTEAU, J., dissents with separate opinion.

BARTEAU, Judge, dissenting.

I respectfully dissent. An "attempt" occurs when a person, acting with the culpability required for commission of the crime, engages in conduct that constitutes a substantial step toward commission of the crime. Ind.Code § 35–41–5–1(a) (West 1986). As a matter of law, Shahan's solicitation of his daughter did not constitute a substantial step toward commission of the offense of child molesting.

The majority relies on *Ward v. State*, 528 N.E.2d 52 (Ind.1988), to support its conclusion that Shahan's conduct rose above mere invitation and thus satisfies the substantial step requirement. In *Ward*, our Supreme Court developed two related tests for determining when solicitation may be a substantial step. First, it must be determined "(1) whether the solicitation takes the form of urging, (2) whether the solicitation urges the commission of the crime at some immediate time and not in the future, and (3) whether the cooperation or submission of the person being solicited is an essential feature of the substantive crime." *Id.* at 54. If all three of the above factors are satisfied, then it is necessary to move to the second test, which involves analyzing the specific crime and the wrongful human conduct the legislature sought to sanction to determine where in the chain of events solicitation rises to the level of attempt. *Id.*

The second and third factors of the first test are satisfied here. At issue is the first factor—whether Shahan's actions took the form of urging.[1] The Supreme Court in *Ward* applied the newly developed tests to two fact situations, both involving Ward, but each involving a different juvenile.

The first conduct examined involved the solicitation of D.D. Ward followed and approached eleven-year-old D.D. on the streets of downtown Greentown. Ward, who was thirty-seven years old at the time, approached D.D. by saying that the sheriff would get D.D. in trouble and that the sheriff was a "pervert." Ward asked D.D. if he would like Ward to perform fellatio on him.[2] Ward made three such requests. In finding

---

1. As for the second test, which we do not reach here, the Supreme Court in *Ward* had little difficulty determining that the nature of the offense of child molesting was sufficiently serious to justify drawing a fairly early line to identify and sanction behavior as an attempt. 528 N.E.2d at 54.

2. D.D. testified that Ward said: "Would you like to have your peter sucked?" D.D. then asked "namely who (?)" and Ward responded by saying "namely me."

that Ward's solicitation of D.D. was a substantial step toward commission of the offense of child molesting, the Court noted that Ward's solicitation was in a "context that amounted to urging or persuasion rather than mere invitation." *Id.* at 55. In making that determination, the court found relevant the "pursuit, the approach, the multiple requests, and Ward's initial statements to D.D., which were provocative and authoritative...." *Id.*

In contrast, the Supreme Court held that Ward's conduct with respect to R.C. did not rise to the level of an attempt. *Id.* At the urging of police, R.C. sought out and approached Ward. *Id.* Ward offered R.C. a beer and told R.C. that if he would not tell anybody, Ward would perform fellatio on him. *Id.* at 53. When R.C. refused the offer, Ward suggested that if R.C. were ever in a nearby town, he should visit Ward at his house. *Id.* The Court noted that Ward neither followed nor approached R.C., Ward solicited R.C. only one time and Ward's solicitation of R.C. was not an urging or persuasion. *Id.* at 55.

When compared with the two fact situations in *Ward*, Shahan's actions in the instant case are comparable to Ward's solicitation of R.C. and do not rise above the level of an invitation. The entirety of the evidence presented in support of the attempted child molesting conviction is as follows:

A.   He came in there and he goes, would, uh, will you touch my dick and I go, no, he goes well, if you don't do it, I'm going to have to do it, because I'm going to have to go in the bathroom and do it, and I go, I'm not going to do it, you can just go ahead and go in there, and so as far as I know he went into the bathroom and done it.

Q.   Can you recall your father saying anything else on that occasion?

A.   Uh, he, he just said that, and said, well, if you don't do it I'm going to have to go into the bathroom.

There is but a single encounter, with no urging, no persuasion, and no exercise of inherent authority.

I agree with the majority that *Ward* is determinative of the outcome of this case. However, an examination of *Ward* leads me to a conclusion opposite that reached by the majority. Shahan's statements to his daughter were a mere invitation to engage in the conduct. While the invitation/solicitation itself is abhorrent, it is accompanied by no additional factors that would elevate it to the status of a substantial step towards the offense of child molesting. For this reason, I would reverse the conviction.