**Vern E. METTLER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 25A05–9801–CR–37.

Court of Appeals of Indiana.

July 29, 1998.

Jim Brugh, Logansport, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Janet Brown Mallett, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

RATLIFF, Senior Judge.

### Statement of the Case

Vern E. Mettler appeals his conviction of attempted incest, a Class C felony.[1] We reverse.

### The Issue

Whether Mettler's solicitation of sexual favors from his eighteen-year-old daughter

---

1. Ind.Code § 35–46–1–3; Ind.Code § 35–41–5–1.

constituted sufficient evidence to support his conviction.

### Facts

On October 21, 1996, Mettler left a letter in an envelope on his daughter's bed. Also in the envelope was a five dollar bill and half of a hundred dollar bill. The letter solicited the daughter to submit to fondling and cunnilingus, promising her the other half of the hundred dollar bill if she complied. Pertinent parts of the letter stated:

> Would you like to have the other half of this bill? It is real easy. All you have to do is come in the front room some night, without your panties on. So I can give you a full body massage, suck on your tits a little, and pet and lick your beaver....

Record at 16.

The letter also said: "... keep this half and when you're ready to do it, and when it's over, I will tell you where the other half is...." *Id.* The letter further advised that Mettler would pay $5.00 to $10.00 for "a little peek at your beaver pelt and some tits ..." and "here is $5.00 for a starter." *Id.* Additionally the letter informed the daughter that he would help her with her senior trip money if she complied.

The daughter was frightened by the letter. She showed the letter to a friend and the friend's stepfather who took her to the police. Mettler never spoke to his daughter concerning his sexual desires, and there never was any physical confrontation between them, nor was there any further attempted contact by letter or writing.

### Discussion and Decision

The statute defining incest, insofar as applicable, reads as follows:

> (a) A person eighteen (18) years of age or older who engages in sexual intercourse or deviate sexual conduct with another person, when the person knows that the other person is related to the person bio-

logically as a parent, child, grandparent, grandchild, sibling, aunt, uncle, niece, or nephew, commits incest, a Class C felony.... [2,3]

Ind.Code § 35–46–1–3.

For a person to be guilty of an attempt to commit a crime, he must, acting with the culpability required for the commission of the crime, engage in conduct that constitutes a substantial step toward the commission of that crime. Ind.Code 35–41–5–1. Thus, the question before us is whether Mettler's letter, in and of itself, constituted a sufficient step towards the commission of incest.

The question of whether acts of solicitation rise to the level of an attempt to commit a crime involves consideration of two separate tests. *Ward v. State*, 528 N.E.2d 52 (Ind. 1988). As our supreme court stated in *Ward:*

> *Three-Part Test for Solicitation.* First, a solicitation may be a substantial step only when: 1) the solicitation takes the form of urging; 2) the solicitation urges the commission of the crime at some immediate time and not in the future; and 3) the cooperation or submission of the person being solicited is an essential feature of the substantive crime.... Second, if those findings are made, the court must consider the specific crime, and the wrongful human conduct that the legislature sought to sanction....

*Id.* at 54. As to the second test, the more serious the crime attempted and the greater the menace to society, the less demanding are the requirements for finding an attempt. *Id.* It is clear, however, that the second test is considered only when the three-part test for solicitation has been met. *Shahan v. State*, 669 N.E.2d 1012, 1013 (Ind.Ct.App. 1996), *trans. denied.*

Incest is a serious crime, and one which clearly is a menace to the moral good of society so that we would be more likely to find an attempt if the three-part test of *Ward*

---

**2.** The court's judgment states that Mettler was convicted of attempted incest, a Class D felony. However, incest was elevated to a Class C felony in 1994. In view of our reversal of the conviction, this is of no consequence.

**3.** The information charged attempted deviate sexual conduct. Deviate sexual conduct is defined as an act involving the sex organ of one person and the mouth or anus of another person. Ind.Code § 35–41–1–9.

had been met. However, neither of the first two parts of that test have been met. Mettler's one-time-only letter, in our opinion, does not constitute urging. Even if we were to concede urging, the invitation to the daughter was to come into the front room *some night.* This hardly can be classified as seeking *immediate* action. Mettler's request is nothing more than one for submission to his sexual desires at some undefined future time.

This case differs significantly from *Benson v. State,* 574 N.E.2d 934 (Ind.Ct.App.1991), where there were repeated attempts to persuade a minor to engage in sexual intercourse. There the solicitation was aimed at immediate commission of the act, and there were physical attempts to force compliance. There, we held the *Ward* three-part test had been satisfied. *Id.* at 935. Likewise, the solicitation of D.D. in *Ward* happened three times in a context of urging and persuasion. This case involves a quite different scenario. On the other hand, the solicitation of R.C. in *Ward* was only one time, did not constitute urging or persuasion, and was directed, at least in part, to future activity. Thus, our supreme court found the three-part test for solicitation satisfied as to D.D., but found two of the elements of the three-part test lacking as to R.C. *Ward,* 528 N.E.2d at 55. *Shahan* involved a personto-person contact between the child and the defendant. 669 N.E.2d at 1014. In *Johnston v. State,* in a 3 to 2 decision, our supreme court, without reference to the *Ward* test, found sufficient evidence of attempted child molesting where the defendant offered the parents of three young girls money if they would permit him to have intercourse with the daughters. 541 N.E.2d 514, 517 (Ind.1989). Defendant came to their house with a vibrator, lubricants, and sedatives, and instructed the parents to drug the children and bring them naked to a bedroom. The dissenters found the evidence insufficient to meet the *Ward* test. *Id.* at 517–18.

Without question Mettler's conduct was depraved, disgusting, and despicable, but it did not rise to the level of an attempt to commit the crime of incest.

We reverse the conviction and remand with instructions to enter a judgment of acquittal.

DARDEN, J., concur.

MATTINGLY, J., dissents with opinion.

MATTINGLY, Judge, dissenting.

I respectfully dissent. Mettler's acts of solicitation constituted a substantial step toward commission of the crime of incest. His conviction of attempted incest should be affirmed.

I note at the outset that the question of whether a substantial step has been taken toward the commission of a crime is a question of fact to be determined by the trier of fact. *Jones v. State,* 523 N.E.2d 750, 752 (Ind.1988). The trier of fact may draw reasonable inferences from the direct or circumstantial evidence and a guilty verdict may be based on circumstantial evidence alone. *Id.* On review, we are to accept the factual findings of the trial court unless they are "clearly erroneous"—that is, unless the record lacks any facts or reasonable inferences to support the court's findings. *See, e.g., State v. Hollins,* 672 N.E.2d 427, 429–30 (Ind.Ct.App. 1996) (applying that standard in the context of a warrantless search). I believe the facts in this record and the reasonable inferences that may be drawn from those facts provide ample support for the trial court's determination that Mettler took a "substantial step" toward commission of the crime. As a result, this factual determination should be sustained.

In determining whether Mettler's solicitation of his daughter rose to the level of an attempt, the majority was correct to apply the *Ward* test. Under that test, 1) the solicitation must take the form of urging; 2) the urging must be for action in the immediate future; and 3) an essential element of the crime is the cooperation or submission of the solicitee. *Ward,* 528 N.E.2d at 54.

I disagree with the majority that Mettler's actions did not reach the level of urging. At the time she found the letter and its contents, including a five dollar bill and the half of a one hundred dollar bill, Mettler's daughter was still in high school and living in the family house under Mettler's custody and control. If the person being solicited is un-

der another person's control or living in the same house, I believe a lesser amount of "urging" constitutes solicitation. To fully appreciate the level of Mettler's urging, it is important to view the full text of his letter:

> Would you like to have the other half of this bill? It is real easy. All you have to do is come in the front room some night, with out your panties ON. So I can give you a full body massage, suck on you tits a little and pet & lick your beaver. I like the honey sweet com when you have ejac-kulation. Before you get *pest, upset* and *mad* about this, there is no sexual *inter-cource* intended. I will not *hurt* you in anyway.
>
> If you would like a little cash under your pillow. Just let your hair down and stop wearing panties at night. Show me a little peek at your beaver pelt and some tits. I will put some cash under your pillow for the showing, each time I see a good showing. I will try to give you at lest 5 to 10 and if it a real good showing I'll give you more when I have it.
>
> Keep this half and when your ready to do it, and when it's over I well tell you where the other half is. It is hiden in your room. After you read this put the *letter* in my dresser drawer.
>
> If you would like to test the pillow cash out first. Just do it and I would do my part as stated. No hanky panky hands off. Just show me a little skin. & don't be ashamed of your body. I would like to see your full body tan.
>
> If you help me out with this job, I will try my best to help you with your Sr. trip money as you work for me by just show me what you got.
>
> Here is 5 for a starter. See you.
>
> Don't be afraid to talk to me. I will not bite your head off.

> After you read this put the *letter* in my dresser drawer or bring it to the first setting.

R. 16 (emphasis in original).

I believe Mettler's solicitation reaches the level of urging as required by the first part of the *Ward* test, especially in the unique context of a father-daughter relationship. In this letter, Mettler presses his daughter to (1) come out to the front room with her panties off; (2) allow him to give her a full body massage; (3) let him "suck on her tits"; (4) allow him to "pet and lick her beaver"; (4) show him her "beaver pelt and some tits"; (5) show him a little skin; (6) not be ashamed of showing her body; and (7) show him her "full body tan." These are clearly urging. Mettler's offer of money was made in an effort to persuade his daughter to act. This is also an urging, especially in light of his knowledge of her need of extra spending money.[4] As a result, I believe the trial court's determination that Mettler's solicitation constituted "urging" was correct and was supported by the facts and reasonable inferences to be drawn therefrom.

The majority also did not believe that Mettler's requests showed the immediacy required in the second part of the *Ward* test, since the letter only specified "some night."[5] However, we must look at more than just the words of his letter to determine whether Mettler's exhortations to his daughter were for actions in the near future. By ripping a one-hundred dollar bill in half and giving his daughter one half of the bill with the letter, Mettler indicated his desire for her to give in to his urging in the near future. Otherwise, he could have kept the entire one-hundred dollars and just told her he would give her the whole amount when she complied. Additionally, the fact that he gave her a five dollar bill with the letter and played on her need for spending money indicates a more temporal relationship. However, the imme-

---

4. One definition of "urge" is "to press the mind or will of; ply with motives, arguments, *persuasions* or importunity[.]" *Webster's Third New International Dictionary* 2521 (1976) (emphasis added).

5. Immediacy is defined as "the quality or state of being immediate[.]" *Webster's Third New International Dictionary* 1129 (1976). One definition of "immediate" is "near to or related to the present[.]" *Id.* Therefore, "immediacy" is the quality or state of being near to or related to the present.

diacy of the situation can be seen most clearly by the daughter's actions after the letter.

Mettler's daughter testified that after reading the letter, "I was scared and I was frightened and I felt a little sick and I called a friend." R. 19. Her friend came over at her request. R. 19. She showed both her friend and her friend's step-father the letter and they went to the police station. R. 20, 21. She did not want to talk to her father and did not want him to come to the police station. R. 22. Although she spent that night in the house, she stayed with one of her sisters and a friend for the next two weeks. R. 23. During that time, she only spoke to her mother. R. 24. After she returned to her home, she stayed in her bedroom while her father was there. R. 24. As soon as she graduated from high school, she moved out of the house. R. 24.

The trial court could reasonably infer that these actions indicated Mettler's daughter was afraid of something occurring right after she read the letter. If she had not been immediately concerned, she would not have felt the need to move out of the house. She also would not have felt the need, once she returned home, to stay in her room while her father was home. This level of immediacy fulfills the second part of the *Ward* test.[6] I do not believe the trial court's determination that Mettler was soliciting an immediate response was clearly erroneous.

Because Mettler's solicitations constitute urging for action in the immediate future, Mettler's conviction for attempted incest should be affirmed.

---

**6.** There is no question that the third part of the *Ward* test, requiring the cooperation of the person being solicited, is present. *Ward,* 528 N.E.2d at 54.